# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Franklin Bank Corporation : | |
| : | |
| Debtor. : | |

_____

| | |
|---|---|
| Bank of New York Mellon Trust : | |
| Company, N.A., : | |
| : | |
| Appellant, : | |
| : | |
| v. : | C. A. No 13-1713 |
| : | |
| George L. Miller, Chapter 7 Trustee, : | Bankruptcy Case No. 08-12924 |
| Wilmington Trust Company, : | BAP No. 13-92 |
| : | |
| Appellees. : | |

_____

| | |
|---|---|
| HoldCo Advisors L.P., : | |
| : | |
| Appellant, : | |
| : | |
| v. : | C. A. No 13-1716 |
| : | |
| George L. Miller, Chapter 7 Trustee, : | Bankruptcy Case No. 08-12924 |
| Wilmington Trust Company, : | BAP No. 13-94 |
| : | |
| Appellees. : | |

_____

| | |
|---|---|
| Broadbill Investment Partners LP et al., : | |
| : | |
| Appellants, : | |
| : | |
| v. : | C. A. No 13-1717 |
| : | |
| Wilmington Trust Company et al., : | Bankruptcy Case No. 08-12924 |
| : | BAP No. 13-95 |
| Appellees. : | |

_____

| | | |
|---|---|---|
| Bank of New York Mellon Trust Co., N.A., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 13-1753 |
| | : | |
| George L. Miller, Chapter 7 Trustee, | : | Bankruptcy Case No. 08-12924 |
| Wilmington Trust Company, | : | BAP No. 13-98 |
| | : | |
| Appellees. | : | |

_____

| | | |
|---|---|---|
| Broadbill Investment Partners LP, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 13-1755 |
| | : | |
| George L. Miller, Chapter 7 Trustee, | : | Bankruptcy Case No. 08-12924 |
| Wilmington Trust Company, | : | BAP No. 13-99 |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **12th** day of **February, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE